IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI, | No. C 07-6168 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| vs. | |
| DEBORAH L. PATRICK, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. Petitioner has moved to disqualify the undersigned. As grounds for disqualification she quarrels with this Court's rulings in her previous cases. This is not sufficient to allege a personal bias, as required by 28 U.S.C. § 144. S*ee United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (judge's rulings in litigant's other cases not grounds for disqualification). The declaration therefore is not legally sufficient under Section 144, and the motion, construed as being made pursuant to Section 144, will be denied without reference to another judge. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge not required to refer motion to recuse to another judge if motion is not timely or legally sufficient).

In addition, the Court has considered the contentions in the motion under 28 U.S.C. § 445. A reasonable person considering the rulings in petitioner's previous cases would not conclude that they were the product of bias. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (judicial rulings alone may constitute grounds for appeal, but almost never constitute

a valid basis for a bias or impartiality motion). For these reasons, the motion is also without merit when construed as being brought pursuant to Section 445. The motion to disqualify (document number 3 on the docket) is **DENIED**.

Petitioner had a previous habeas case before this court, C 01-1139 WHA (PR). It was transferred to the Eastern District of California on June 14, 2001, and given case number CIV-F-01-5848 OWW DLB by that court. It was then dismissed by that court for failure to allege grounds that would entitle petitioner to habeas relief. This petition, therefore, is second or successive. Second or successive petitions may not be filed unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner's contention that the provision regarding second or successive petitions applies only to capital cases is incorrect. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005) (applying 28 U.S.C. § 2244(b) to non-capital case).

Petitioner has not obtained an order from the Ninth Circuit allowing her to file this petition. The petition accordingly is **DISMISSED** without prejudice to refiling if she obtains the necessary order. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December    7   , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\ARI6168.2D.wpd

2